UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-CR-00377-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **HARRIS J. BOUDREAUX (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Early Termination of Supervised Release [doc. 4], filed by defendant Harris J. Boudreaux. Mr. Boudreaux pleaded guilty to one count of failure to register as a sex offender, a violation of 18 U.S.C. § 2250, in the United States District Court for the Eastern District of North Carolina. Doc. 1, att. 1. On December 12, 2018, he was sentenced to time served and a five-year term of supervised release. Doc. 1, att. 2. Jurisdiction over his supervision was transferred to this district on December 5, 2019. Doc. 1.

Mr. Boudreaux now brings a motion for early termination of his supervised release, asserting that he has complied with all conditions and that he desires to be discharged from the halfway house where he has been ordered and spend the holidays with his family in Arkansas. Doc. 4. The court has broad discretion to grant such a motion, after the defendant has served at least one year of his supervised release, if the relief is warranted by the defendant's conduct and the interests of justice and consistent with the factors set forth in 18 U.S.C. § 3553(a). *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). However, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself,

-2-

entitle him to modification or termination of his supervised release." *United States v. Jimenez*, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012). Instead, "such conduct is expected and required." *United States v. Guidry*, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020). After consultation with the United States Probation Office, which opposes the motion, and review of the applicable factors set forth in 18 U.S.C. § 3553(a), the court determines that early termination is not warranted in Mr. Boudreaux's case. Accordingly, the motion is **DENIED**.

    **THUS DONE AND SIGNED** in Chambers on this 22nd day of December, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**